# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2013

146563

DEPARTMENT OF ENVIRONMENTAL
QUALITY and DIRECTOR OF THE
DEPARTMENT OF ENVIRONMENTAL
QUALITY,
   Plaintiffs-Appellees,

v

TOWNSHIP OF WORTH,
   Defendant-Appellant.

_____/

Robert P. Young, Jr.,
<span style="font-size:smaller">Chief Justice</span>

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
<span style="font-size:smaller">Justices</span>

SC: 146563
COA: 289724
Ingham CC: 07-000970-CE

   On order of the Court, the application for leave to appeal the December 11, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the language bolded in the following passages of the Court of Appeals opinion, because it can be read to suggest that in a case such as this one, in which the question is whether imposing a duty to remediate on the township violates the prohibition against unfunded mandates contained in the second sentence of Const 1963, art 9, § 29, it is also necessary to show that the state has shifted to a local unit of government a cost formerly borne or funded by the state, contrary to the first sentence of § 29. See *Durant v State Bd of Ed*, 424 Mich 364, 378-379 (1986) ("The first sentence . . . is aimed at existing services or activities already required of local government. The second sentence addresses future services or activities."); *Schmidt v Dep't of Education*, 441 Mich 236, 254 (1992).

   In sum, Headlee applies whenever legislation enacted on or after December 23, 1978 (the date the Headlee Amendment went into effect) *requires* a unit of local government to increase its level of activity or service. [*Livingston Co v Dep't of Mgt & Budget*, 430 Mich 635] at 648 [(1988)] (Art 9 § 29 refers only to required, not optional, services or activities."). **Furthermore, Headlee applies only when a statutory requirement lessens the state's burden by shifting to units of local government the responsibility of providing services once provided or funded by the state**. *Id.* at 645. [299 Mich App at 3 (emphasis added).]

***

In sum, we hold that requiring defendant's compliance with MCL 324.3109(2) does not violate the Headlee Amendment **because, although it may financially burden the defendant, it does not shift the financial burden from the state to a unit of local government**. [*Id*., at 5 (emphasis added).]

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2013



Clerk

p0529